**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ed and Patricia Hance, Husband and Wife, and Ed and Patricia Hance by and on behalf of their minor daughter, CH,<br><br>     Plaintiffs,<br><br>vs.<br><br>Fountain Hills Unified School District, an Arizona school district, and Dr. Marian Hermie, Superintendent of Fountain Hills Unified School District, John Does I-V, Black and White Corporations I-V,<br><br>     Defendants. | No. CV-07-01623-PHX-MHM<br><br>**ORDER** |

Currently pending before the Court are the Defendants' Motion to Dismiss (Dkt. #8) and the Plaintiffs' Motion to Strike Notice of Supplemental Authority. (Dkt. #12). After consideration of the pleadings and briefing submitted in the case, the Court issues the following Order.

<u>I.  Standard of Review</u>

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. A Rule 12(b)(6) dismissal is proper only where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1990). The Ninth Circuit has stated that "[t]he issue is not whether a plaintiff's success on the merits is likely

but rather whether the claimant is entitled to proceed beyond the threshold in attempting to establish his claims." De La Cruz v. Tormey, 582 F.2d 45, 48 (9th Cir. 1978). The Court must determine whether or not it appears to a certainty under existing law that no relief can be granted under any set of facts that might be proved in support of plaintiff's claims. Id.

Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1356 (1990). The notice pleading standard set forth in Rule 8 establishes "a powerful presumption against rejecting pleadings for failure to state a claim." Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997). Therefore, a court must not dismiss a complaint for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also U.S. v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

## II. Background

On a motion to dismiss, all factual allegations are taken as true and construed in the light most favorable to the plaintiff. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Accordingly, for the purposes of this Motion to Dismiss, the Court accepts as true all facts alleged in the Complaint. (Dkt. #1).

The Plaintiff, "CH," is the minor daughter of Ed and Patricia Hance. She has autism, and is described by her parents as emotionally and socially fragile. She attended Fountain Hills Unified School District for the 2006-2007 school year after the Hances moved back to Arizona from Florida, where the family had been living for several years.

Prior to enrolling CH in Fountain Hills High School, CH's mother contacted the special education coordinator to discuss CH's needs for facilitated socialization and mobility navigation assistance. She informed the school of CH's specific needs, including her safety, socialization, and academic needs.

1 School began August 15, 2006, but contrary to her parents' hopes, no new Individualized Education Plan[1] ("IEP") was in place for CH. The District had put in place a draft IEP, but the Hances found the document to be in need of major revision.

The Hances attended an IEP meeting in October of 2006, but the meeting was "only 45 minutes long and no discussion occurred about any goals." As of October 18, 2006, CH was still not receiving any social coaching and/or facilitated socialization. The District was using a make-shift system of security guards, and later, student office aides, to guide CH from class to class.

After the security escorts were changed to student office aides, CH began a rapid downward trend. She became disillusioned and isolated. During the first week, the student aides would speak to CH, but after that, they only spoke to one another or friends that they ran into on campus. These students made no attempts whatsoever to befriend or assist CH.

CH's mother contacted the District for immediate help regarding socialization that was not being provided. She pointed out that CH was eating in the library alone every day. The District responded by scheduling a one-time only lunch for CH with some severely mentally handicapped students on the same day, which CH's mother felt was inappropriate.

The Hances requested an immediate IEP meeting with the District.[2] Five days later, CH was taken to the emergency room at Scottsdale Healthcare. She was later admitted under emergency conditions to Scottsdale Behavioral Health Hospital and placed on a suicide watch. She was diagnosed with a psychotic break, or nervous breakdown, and was prescribed psychotropic medications for the first time in her life. She presented a series of reports to all of her examining physicians that were critical of the Fountain Hills School

---

[1]The Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq., is a comprehensive special education law that governs school districts receiving federal funding. It mandates, among other things, Individual Education Plans for students with disabilities.

[2]The Complaint does not indicate whether or not this meeting occurred.

- 3 -

1  District and her experiences there.  For the remainder of the 2006-2007 school year, CH
2  required home schooling.

3  CH believes that her psychotic break was caused by the actions and inaction of the
4  District.  She has lost her self-esteem, gained weight from her medications, and was required
5  to move out of the District in order to attend a different school for the 2007-2008 school year.

6  CH and her parents brought this suit in August 2007, alleging the following: Count
7  I: Violation of the Individuals with Disabilities Education Act; Count II: Violation of the
8  Rehabilitation Act of 1973; Count III: Violation of Due Process and Denial of Property and
9  Liberty Interests in a Free Public Education (pursuant to the U.S. and Arizona Constitutions);
10  Count IV: Intentional Infliction of Emotional Distress; Count V: Negligent Infliction of
11  Emotional Distress; Count VI: Negligence; and Count VII: violation of the Americans With
12  Disabilities Act. (Complaint, Dkt. #1).  The Defendants have moved to dismiss all of these
13  claims.  (Dkt. #8).

### III.  Analysis

A.  The Individuals With Disabilities Education Act ("IDEA" or "the Act")

16  The IDEA provides federal funding to state and local education agencies, such as
17  Fountain Hills Unified School District, to implement the substantive and procedural
18  requirements of the Act. Robb v. Bethel School Dist. #403, 308 F.3d 1047, 1048-49 (9th Cir.
19  2002).  The purpose of IDEA is to ensure a free, appropriate public education (and to provide
20  related services) to children with disabilities. 20 U.S.C. § 1400(d)(1)(A).  IDEA seeks to
21  provide parents with meaningful opportunities to participate in the education of their
22  children, and offers various procedural mechanisms for parents who may be dissatisfied with
23  their children's educational program.  20 U.S.C. § 1400(c).

24  The procedural safeguards afforded by the Act include the opportunities for any party
25  to present a complaint with respect to "any matter relating to the identification, evaluation,
26  or educational placement of the child, or the provision of a free appropriate public education
27  to such child."  20 U.S.C. § 1415(b)(6).  Parties are also entitled to a due process hearing
28  with respect to such complaints. Robb, 308 F.3d at 1049.  "If a party is dissatisfied with the

findings and decisions made after the impartial due process hearing, that party may obtain additional administrative review by the state educational agency." Id. IDEA requires an aggrieved party to exhaust these administrative remedies if their injuries "could be redressed to any degree" by the remedies provided for under the Act. Id. at 1050.

### 1. Exhaustion

Exhaustion of administrative remedies is required when an aggrieved party asserts injuries under the IDEA, and for good reason. Preliminarily, the IDEA provides a broad range of both education and education-related services available to students and their parents, including: speech-language pathology and audiology services; psychological services; physical and occupational therapy; recreation, including therapeutic recreation; social work services; counseling services, including rehabilitation counseling; orientation and mobility services; and medical services. Robb, 308 F.3d at 1050. These remedies may obviate the need for judicial involvement.

An additional reason that exhaustion is required is the relative inexperience of the federal courts with the educational requirements of students with special needs. The School District is the agency with specialized knowledge, and should in the first instance have responsibility for the programs that Congress has charged it to administer. Robb, 308 F.3d at 1051. Allowing the agency to utilize its expertise ensures both that the agency has the first opportunity to correct its shortcomings, and that the factual record is well-developed if the federal courts become involved. Id.

The Plaintiffs acknowledge that there was no exhaustion of the available administrative remedies. They argue, however, that exhaustion is not required because their claims fall outside of the administrative process, and that their injuries are not capable of remedy by administrative procedures. The Plaintiffs assert that "all that Fountain Hills School District and its employees can provide is money damages for their conduct that caused harm to CH." (Response, Dkt. #9). In addition, they assert that their claims under other statutes have no exhaustion requirement. These arguments will be addressed in turn.

- 5 -

### a. Injuries Not Capable of Redress by Administrative Procedures

The Plaintiffs assert that exhaustion is not required here because their IDEA remedies are inadequate. They assert that they seek only monetary damages for past harm that occurred during a limited period of time, and that CH is now being educated by another school district. Because monetary damages are not available under the IDEA, the Plaintiffs argue, there are no administrative issues to resolve.

A party alleging futility or inadequacy of administrative remedies under the IDEA bears the burden of proof. Kutasi v. Las Virgines Unified School Dist., 494 F.3d 1162, 1168 (9th Cir. 2007). If the injury could be redressed "to any degree" by the IDEA's remedies, or if the ability to redress an injury is unclear, exhaustion is required. Id.; Robb, 308 F.3d at 1050 ("Where the IDEA's ability to remedy a particular injury is unclear, exhaustion should be required to give educational agencies an initial opportunity to ascertan and alleviate the problem.").

The Ninth Circuit has clearly held that seeking only money damages — relief unavailable under the IDEA — cannot nullify the requirement that the Plaintiffs exhaust their administrative remedies. Kutasi, 494 F.3d at 1168-69 ("a plaintiff cannot evade the IDEA's exhaustion requirement merely by limiting a claim to money damages"); Robb, 308 F.3d at 1049 ("With the First, Sixth, Seventh, Tenth, and Eleventh Circuits, we hold that a plaintiff cannot avoid the IDEA's exhaustion requirement merely by limiting a prayer for relief to money damages."). Furthermore, the Plaintiffs should not be permitted to avoid exhaustion simply by moving CH out of the District. N.B. v. Alachua County School Bd., 84 F.3d 1376, 1379 (11th Cir. 1996) ("If parents can bypass the exhaustion requirement of the IDEA by merely moving their child out of the defendant school district, the whole administrative scheme established by the IDEA would be rendered nugatory.").

The Court cannot conclude that the Plaintiffs have met their burden of proof to show that their IDEA remedies were inadequate. For purposes of exhaustion, relief available under the IDEA need only be capable of redressing the Plaintiffs' injuries to some degree; the relief

"may not always be relief in the precise form the plaintiff prefers." <u>Kutasi</u>, 494 F.3d at 1169 (internal quotation and citation omitted). In <u>Robb</u>, the Ninth Circuit discussed the lengthy list of remedial procedures potentially available under the IDEA. <u>Robb</u>, 308 F.3d at 1050. The court stated that:

> This battery of educational, psychological, and counseling services could go a long way to correct past wrongdoing by helping [the plaintiff] to heal psychologically and catch up with her peers academically, if she has not done so already. It would be inappropriate for a federal court to short-circuit the local school district's administrative process based on the possibility that some residue of the harm [the plaintiff] allegedly suffered may not be fully remedied by the services Congress specified in the IDEA. We are not ready to say that money is the only balm.

<u>Id.</u> This Court finds the Ninth Circuit's reasoning applicable here. Given the broad scope of remedies available under the IDEA, the Court does not find that the Plaintiffs have met their burden to show that their IDEA remedies were inadequate.[3]

### b. Plaintiffs' Other Federal Claims Have No Exhaustion Requirement

The Plaintiffs also assert that, in any event, the exhaustion requirement does not apply to their other claims, including the 42 U.S.C. § 1983 claim and substantive due process

---

[3]The Plaintiffs liken their situation to the case of <u>Witte v. Clark County School District</u>, where the plaintiff was not required to exhaust his administrative remedies before seeking monetary damages for past injuries by school officials. 197 F.3d 1271, 1276 (9th Cir. 1999). The Court finds that the facts alleged by the Plaintiffs here, taken as true, are not at all similar to those in <u>Witte</u>. In <u>Witte</u>, the plaintiff sought damages for actions by school officials that were taken to punish and humiliate the plaintiff for acts that were caused by his disability. These included force-feeding him oatmeal mixed with his own vomit, choking him, and forcing him to run on a treadmill with weights strapped to his deformed feet and legs. <u>Id.</u> at 1273. Preliminarily, the Court notes that <u>Witte</u> was circumscribed by the later Ninth Circuit decision in <u>Robb v. Bethel School Dist. #403</u>, 308 F.3d 1047 (9th Cir. 2002). In addition, the court in <u>Witte</u> acknowledged that the plaintiff had already exhausted his administrative procedures to secure the remedies available under the IDEA as to his alleged educational deficiencies. <u>Witte</u>, 197 F.3d at 1276. Although the Plaintiffs here assert that the remedies they seek are in no way educational, the Court does not find that they have met their burden. The Court therefore does not find <u>Witte</u> either analogous or controlling here.

1  violation claim. (Response, Dkt. #9). The Plaintiffs, however, fail to refute or distinguish
2  the controlling precedent from the Ninth Circuit that requires dismissal of unexhausted
3  claims that allege the same harm and seek the same relief as the IDEA claims. Doe v.
4  Arizona Dept. of Educ., 111 F.3d 678, 684 (9th Cir. 1997) (affirming district court's dismissal
5  of constitutional and Rehabilitation Act claims for failure to exhaust on the ground that the
6  claims alleged the same harm and sought the same relief as the IDEA claim). See also Robb,
7  308 F.3d at 1054 (affirming dismissal of claim brought only under 42 U.S.C. § 1983 for
8  failure to exhaust IDEA remedies); N.B. v. Alachua County School Bd., 84 F.3d 1376, 1379
9  (11th Cir. 1996) (affirming the principle that if parents choose to file suit under § 1983 when
10 they could have filed suit under the IDEA, they must first exhaust the IDEA's remedies "to
11 the same extent as if the suit had been filed originally under the IDEA's provisions.").

12     Because the Plaintiffs have not met their burden to show that their injuries could not
13 be redressed to any degree by the IDEA's administrative procedures and remedies, they
14 should not be permitted to bypass the comprehensive Congressional scheme merely by
15 restating their claims under different legal provisions. Robb, 308 F.3d at 1050.

16 B.  State Law Claims

17     The Plaintiffs have also asserted a variety of state law claims arising out of the same
18 set of circumstances, including intentional infliction of emotional distress, negligent
19 infliction of emotional distress, and negligence. The Court has discretion to continue to
20 exercise supplemental jurisdiction over remaining state law claims after all federal claims
21 have been dismissed. 28 U.S.C. § 1367(c)(3); Foster v. Wilson, 504 F.3d 1046, 1051 (9th Cir.
22 2007). In light of the early stage of the proceedings in this matter, as well as the issues of
23 state law construction and interpretation, the Court declines to exercise its discretionary
24 jurisdiction. Accordingly, those claims are dismissed without prejudice.
25
26
27
28

C. Motion to Strike the Defendants' Notice of Supplemental Authority

The Defendants filed with the Court a supplemental citation of authority to support their Motion to Dismiss, (Dkt. #11), which the Plaintiffs moved to strike. (Dkt. #12). The Court did not consider the supplemental authority for purposes of this Order, and accordingly, the Plaintiffs' Motion is denied as moot.

IV. Conclusion

The Court finds that the Plaintiffs failed to exhaust their administrative remedies under the IDEA. Because they did not meet their burden to show that their administrative remedies would not have redressed their injuries in any way, their claims arising under federal law must be dismissed. The Court declines to exercise supplemental jurisdiction over the Plaintiffs' state law claims, and they are dismissed without prejudice.

Accordingly,

**IT IS ORDERED** granting the Defendants' Motion to Dismiss. (Dkt. #8).

**IT IS FURTHER ORDERED** denying as moot the Plaintiffs' Motion to Strike. (Dkt. #12).

**IT IS FURTHER ORDERED** directing the Clerk to enter judgment accordingly.

DATED this 20th day of June, 2008.

_____
Mary H. Murguia
United States District Judge